**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**Matthew Thomas, Randy Noka, Bella Noka, Hiawatha Brown, John Brown, Thawn Harris, Adam Jennings**

**Vs.**

[redacted] 06 317T

**The State of Rhode Island and Providence Plantations, Governor Donald L. Carcieri, State of Rhode Island; Patrick C. Lynch Rhode Island Attorney General; Rhode Island State Police, Colonel Steven M. Pare; State Police Trooper Badge # 37; State Police Detective Timothy Sanzi; State Police Detective Joseph Philibin; State Police Detective Michael Casey; State Police Detective Ken Barry; State Police Detective Ken Bell; and State Police Troopers – John Does 1 to 7**

**C.A. No. 06-**

**Defendants.**

---

**COMPLAINT**

**Plaintiffs in this Complaint allege:**

This action involves the deprivation of plaintiffs constitutionally guaranteed rights by the defendants and is founded upon 42 U.S.C. § 1983. The rights sought to be enforced include the plaintiffs' rights guaranteed under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

**JURISDICTION AND VENUE**

1. This is an action under 42 U.S.C. § 1983 to enjoin the deprivation, under color of state law, of certain rights, privileges, and immunities secured to plaintiffs'

individually and as members of the Narragansett Indian Tribe ("Tribe"), by the United States Constitution and the laws of the United States. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), 1367 and under federal common law

2. This action seeks injunctive as well as declaratory relief, pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, as there is an actual controversy between the parties sufficient to invoke the jurisdiction of this Court.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in that a substantial part of the action-giving rise to the claims occurred within the District and the defendants are subject to personal jurisdiction within the District.

**PARTIES**

4. Matthew Thomas is the duly elected Chief Sachem of the Tribe and a resident of the Town of Charlestown, State of Rhode Island.

5. Randy Noka is the duly elected First Councilman of the Tribe and a resident of the Town of Richmond, State of Rhode Island.

6. Hiawatha Brown is a duly elected Councilman of the Tribe and a resident of the Town of Charlestown, State of Rhode Island.

7. John Brown is a duly elected Councilman of the Tribe and a resident of the Town of Richmond, State of Rhode Island.

8. Thawn Harris is a duly appointed and federally deputized law enforcement officer of the Tribe and a resident of the Town of Charlestown, State of Rhode Island.

9. Bella Noka is a member of the Tribe and a resident of the Town of Richmond, State of Rhode Island.

10. Adam Jennings is a member of the Tribe and a resident of the Town of Charlestown, State of Rhode Island

11. Defendant State of Rhode Island is a sovereign state.

12. Defendant Donald Carcieri is the Governor of the State of Rhode Island.

13. Defendant Patrick Lynch is the Attorney General of the State of Rhode Island.

14. Defendant Colonel Steven M. Pare is the Superintendent of the Rhode Island State Police.

15. Defendants State Police Troopers, John Does 1 – 7 are the arresting and/or officer/complainant on the seven (7) pending Rhode Island District Court Criminal Complaints; five (5) of said Criminal Complaints were executed before a Justice of the Peace on July 14, 2003 by Badge # 37, other troopers identified on the Complaint as the arresting officers are Detective Timothy Sanzi; Detective Joseph Philbin and Detective Michael Casey, while others are identified as Member Rhode Island State Police; and Detectives Ken Barry and Ken Bell have been identified by State Police Action Report.

16. At all times relevant to the allegations of this Complaint and in all actions of the defendants' alleged, defendants were acting under the color of law pursuant to their respective authority or where otherwise acting as agents, servants and employees of the State of Rhode Island or the Rhode Island State Police.

17. Plaintiffs sue each and all defendants in both their individual and official capacities.

**FACTS**

18. On or about July 12, 2003, the Tribe, through its duly authorized representatives, which include the Plaintiffs, commenced the sale of cigarettes at the Narragansett Indian Smoke Shop located upon the Tribe's reservation, the Settlement Lands, 25 U.S.C. § 1701, *et seq.*

19. On or about July 12, 2003, the Rhode Island State Police secured a Search Warrant from the Superior or District Court of the State of Rhode Island to seize the cigarettes in an alleged violation of State sales tax laws.

20. On July 14, 2003, the Rhode Island State Police entered upon Tribal lands, executed the Search Warrant and seized property and merchandise of the Narragansett Indian Tribe.

21. In the course of executing the Search Warrant the Rhode Island State Police arrested the Plaintiffs.

22. Various criminal charges against Plaintiffs, Tribal officials and Tribal members, have been filed and are pending in the State of Rhode Island District Court in Washington County. All criminal proceedings have been stayed by agreement of the parties and consent of the State District Court pending a decision in *Narragansett Indian Tribe v. State of Rhode Island, et al, CA No. 04-1155* by the United States Court of Appeals for the First Circuit.

23. On July 15, 2003, the Tribe initiated a civil proceeding in this Court, *Narragansett Indian Tribe v. State of Rhode Island, et al, CA No. 03-CV-296W*, seeking relief including a declaration of its sovereign rights and the jurisdiction of the State to execute its warrant against the Tribe on its reservation lands.

24. Further, the action sought a declaration of rights and injunctive relief to vacate the arrest and enjoin the prosecution of Tribal officials and members as a violation of federal law and the Tribe's sovereign rights there under.

25. On December 29, 2003, this Court entered a Decision and Judgment in favor of the State and denying the relief sought by the Tribe.

26. On January 26, 2004, the Tribe took a timely appeal to the United States Court of Appeals for the First Circuit, *Narragansett Indian Tribe v. State, et al, CA No. 04-1155.*

27. On May 24, 2006, the United States Court of Appeals for the First Circuit issued an *En Banc* Opinion adverse the Tribe and the plaintiffs herein affirming the State jurisdiction relative to the Warrant and the arrests of the plaintiffs.

28. The Tribe has resolved to file a Writ of Certiorari to the United States Supreme Court seeking to reverse the Opinion of the United States Court of Appeals for the First Circuit.

29. An affirmation by the United States Supreme Court of the Tribe's sovereignty and jurisdiction over its Reservation will abrogate the State's alleged authority

to enter the Tribe's Reservation and subsequent arrests and prosecutions alleged herein.

**COUNT I**
**(42 U.S.C. § 1983)**

Each of the foregoing allegations is incorporated by reference into each of the following claims, as if set forth fully therein.

30. Plaintiffs' have a right to be free from illegal seizure of their person and the right to be free from unlawful arrest, detention and imprisonment, the rights secured to plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. § 1983.

31. Plaintiffs have a right not to be deprived of life, liberty or property without due process of law, and the right to equal protection of the laws, secured by the Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. § 1983.

32. Defendants individually and in concert with the others acted under color of state law and in their official capacities, but said acts are illegal, and each defendant individually and in concert with the others acted deprived the plaintiffs of their constitutional rights.

33. The transportation, detention and prosecution of the plaintiffs without lawful authority or jurisdiction constituted a seizure within the meaning of the Fourth Amendment and deprived plaintiffs of their liberty. This seizure and deprivation of liberty were unreasonable in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

34. As a result of these acts, plaintiffs' have suffered and will or may continue to suffer harm, loss and deprivation of liberty.

WHEREFORE, Plaintiffs prays for the following relief against the defendants jointly and severally, as follows:

a. Damages;

b. Reasonable attorney's fees and costs; and

c. That the Court order such other and further relief as may be proper.

**COUNT II**
**(INJUNCTIVE RELIEF)**

Each of the foregoing allegations is incorporated by reference into each of the following claims, as if set forth fully therein.

35. That a temporary, preliminary and permanent injunction enter enjoining the Defendants from any further actions related to the criminal prosecutions of the Plaintiffs until such time as the Writ of Certiorari to the United States Supreme Court is granted or denied and if granted, until a decision from the Court issues.

36. That if the Defendants are not so affirmatively enjoined the Plaintiffs will suffer further irreparable harm for which there is no adequate remedy at law.

37. That the balancing of the equities with regards to irreparable harm to the to Plaintiffs, as opposed to the Defendants and the community at large, does not compare.

WHEREFORE, the Plaintiffs seek the following temporary, preliminary and permanent affirmative injunction relief:

a. Defendants from further prosecution of criminal complaints pending against the Plaintiffs as alleged herein;

b. That the Plaintiffs be awarded all costs and expenses including reasonable attorneys fees; and

d. That the Court order such other and further relief as may be proper.

Plaintiffs seek a trial by jury on all applicable claims.

PLAINTIFFS, BY AND THROUGH
THEIR ATTORNEY,

JOHN F. KILLOY, JR. #3761
74 Main Street
Wakefield, RI 02879
(401) 783-6840
(401) 782-2490 Facsimile
j.killoy@verizon.net

Dated this 13TH day of July 2006.