**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Mathew Thomas, Randy Noka<br>Bella Noka, Hiawatha Brown,<br>John Brown, Thawn Harris, and<br>Adam Jennings<br>*Plaintiffs*, | :<br>:<br>:<br>:<br>:<br>: | |
| v. | | C.A. NO. 06-317S |
| The STATE OF RHODE ISLAND AND<br>PROVIDENCE PLANTATIONS,<br>Governor Donald L. Carcieri, State of<br>Rhode Island; Patrick C. Lynch,<br>Rhode Island Attorney General;<br>Rhode Island State Police, Colonel<br>Steven M. Pare; State Police Trooper<br>Badge # 37, State Police Detective<br>Timothy Sanzi, State Police Detective<br>Joseph Philbin, State Police Detective<br>Michael Casey, State Police Detective<br>Ken [sic] Barry, State Police Detective<br>Ken Bell<br>*Defendants*. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | |

**MOTION TO DISMISS**

Now come the Defendants, State of Rhode Island, Governor Donald L. Carcieri, Attorney General Patrick C. Lynch, the Rhode Island State Police, Colonel Steven M. Pare; State Police Trooper Badge #37,[1] State Police Detective Timothy Sanzi, State Police Detective Joseph Philbin, State Police Detective Michael Casey, State Police Detective Ken Barry[2], State Police Detective Ken Bell; in their individual and official capacities, and move this Honorable Court to dismiss Plaintiffs' Complaint for failing to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Proc. Rule 12(b)(6). A Memorandum of Law in Support of the Motion is attached.

[1] Trooper Badge # 37 is Trooper Sergeant James Manni.
[2] State Police Detective Kevin Barry is incorrectly denominated in the caption as "Ken" Barry.

Respectfully submitted,

| | |
|---|---|
| State of Rhode Island, et al.<br>By Their Attorney, | Governor Donald L. Carcieri<br>By His Attorney, |
| PATRICK C. LYNCH<br>ATTORNEY GENERAL | |
| /s/ *Neil F.X. Kelly* | |
| */s/ Rebecca Tedford Partington* | */s/ Claire Richards* |
| Neil F. X. Kelly, #4515<br>Assistant Attorney General<br>Rebecca Tedford Partington, #3890<br>Deputy Chief-Civil Division<br>150 South Main Street<br>Providence, RI 02903<br>(401) 274-4400 Ext. 2284<br>FAX: (401) 222-2995 | Claire Richards, #4057<br>Special Counsel<br>Room 119, The State House<br>Providence, RI 02903<br>(401) 222-8114<br>FAX: (401) 222-8091 |

Dated: February 2, 2007

## CERTIFICATION

I hereby certify that on this 2nd day of February 2007 I electronically filed the within ***Motion*** to Dismiss with the United States District Court for the District of Rhode Island via the ECF system. Additionally, a copy is sent electronically via the ECF system to John F. Killoy at j.killoy@verizon.net

*/s/ Neil F.X. Kelly*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Mathew Thomas, Randy Noka, Bella Noka, Hiawatha Brown, John Brown, Thawn Harris, Adam Jennings<br>*Plaintiffs,*<br><br>v.<br><br>The State of Rhode Island and Providence Plantations; Governor Donald L. Carcieri, State of Rhode Island, in His official capacity; Patrick C. Lynch, Rhode Island Attorney General, in his official capacity; Colonel Steven M. Pare, Rhode Island State Police, in his official capacity; State Police Trooper Badge #37; State Police Detective Timothy Sanzi; State Police Detective Joseph Philbin; State Police Detective Michael Casey; State Police Detective Ken [sic] Barry; State Police Detective Ken Bell<br>*Defendants.* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 06-317S |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Now come the Defendants and move this Court to dismiss Plaintiffs' Complaint for failing to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Proc. Rule 12(b)(6).

## I. INTRODUCTION

This case is about whether the State, its Governor, Attorney General and members of the State Police acted lawfully when they executed a state authorized search warrant at the Narragansett Indian Smoke Shop on July 14, 2003, seized contraband cigarettes there and arrested members of the Narragansett Indian Tribe who interfered with the search and seizure. That question has already been dispositively answered.

On May 24, 2006, the First Circuit, affirming a decision of this Court on the legality of the State's enforcement activities at the Smoke Shop on July 14, 2003, held that "state officers were authorized to execute the warrant against the Tribe and to arrest tribal members incident to the enforcement of the State's civil and criminal laws." *Narragansett Indian Tribe v. Rhode Island,* 449 F.3d 16, 18 (1st Cir. 2006)(*en banc*) *cert. denied*, 127 S.Ct. 673 (2006)("*Smoke Shop I*"*).* The Plaintiffs' claims in this case (*Smoke Shop II*) would require this Court to relitigate the same legal questions arising from the same facts and involving the same parties (or their privies) that this Court and the First Circuit have already exhaustively litigated and determined in *Smoke Shop I*. Basic principles of collateral estoppel bar the relitigation of the same issues this Court and the First Circuit have already conclusively determined.[3] Accordingly, this Court should summarily dismiss Plaintiffs' Complaint.

## II. UNDISPUTED FACTS

1. On July 12, 2003, the Tribe opened a smoke shop (the "Smoke Shop") on the Settlement Lands and sold unstamped and untaxed cigarettes at a cost substantially below market. *Smoke Shop I,* 449 F.3d at 20.

2. On July 14, 2003, the Rhode Island State Police entered the Settlement Lands to search for and seize unstamped cigarettes, and while executing a search warrant issued by a state court of competent jurisdiction, arrested the Plaintiffs. *Id.*

[3] Further, any claims pressed by Adam Jennings are barred by *res judicata.* Jennings filed suit against many of these same defendants in *Paula Dove Jennings, et al. v. Steven M. Pare, et al.*, USDC No. 03-572T. Any claims Jennings had based on the lack of authority for these Defendants to arrest him should have been brought in that action. He is not entitled to another "bite at the apple."

3. The Tribe subsequently filed suit seeking a declaration that the State's search of the Smoke Shop, its seizure of contraband cigarettes there and its arrest of Tribal members incident to the search violated applicable federal law or, in the alternative, that the Tribe's "sovereign immunity" barred the enforcement of state law on the Settlement Lands. The Tribe also sought injunctive relief vacating the arrests of Tribal officials and members as violative of federal law and "the Tribe's sovereign rights there under." *See* Complaint in *Smoke Shop I* at Counts I and II. A true copy of the District Court Complaint filed in *Smoke Shop I* is attached as *Exhibit A*; *see also,* 449 F.3d at 20 (restating allegations made in the District Court).

4. Both this Court and the First Circuit held that state law applied on the Settlement Lands and that the State had the ability to enforce its laws there, including executing the search warrant, seizing the contraband cigarettes and arresting tribal members.

5. Specifically, the First Circuit held as follows:

- The Joint Memorandum of Understanding between the Tribe and the State and the Rhode Island Indian Land Claims Settlement Act (the "Settlement Act") "effectively extinguishes the Tribe's right to resist the application of state authority as to matters occurring on the settlement lands. And that arrangement drew no distinction between tribal members and the Tribe itself, on the one hand, and the general public, on the other." 449 F.3d at 22.

- "First, the Settlement Act, properly read, ensures that the State may demand the Tribe's compliance with the state laws of general application. Second, it

also ensures that the State may use its entire armamentarium of legal means for redressing noncompliance." 449 F.3d at 26.

- Specifically, the First Circuit held that the Defendants had the authority to "issue and enforce a search warrant relative to the sale of unstamped, untaxed cigarettes on the settlement lands." 449 F.3d at 24. It also held that Defendants' seizure of contraband cigarettes from the Smoke Shop was lawful. 449 F.3d at 31. And, most importantly for this motion, the Court upheld the resulting arrests of the very same Tribal members and officers who are the Plaintiffs in this case. 449 F.3d at 30.

6. Almost two months after the First Circuit determined that the State acted lawfully when it searched the Smoke Shop, seized contraband cigarettes and arrested tribal members, the Plaintiffs filed this Complaint once again challenging the lawfulness of the State's enforcement efforts at the Smoke Shop, including the lawfulness of their arrests.

7. Specifically, the *Smoke Shop II* Complaint asserts that:

- Plaintiffs are Tribal officials and members of the Tribe. *Smoke Shop II Complaint* ¶¶ 4-10.
- On or about July 12, 2003, "the Tribe, through its duly authorized representatives, which include the Plaintiffs, commenced the selling of cigarettes at the Narragansett Indian Smoke Shop located . . . on the Settlement Lands." *Smoke Shop II Complaint* ¶ 18; See 449 F.3d at 20.

- On July 14, 2003, the Rhode Island State Police entered the Settlement Lands, executed a search warrant and seized untaxed cigarettes from the Smoke Shop. *Smoke Shop II Complaint* ¶¶ 19-20; See 449 F.3d at 20.
- The State Police arrested the Plaintiffs in the course of executing the search warrant. *Smoke Shop II Complaint* ¶ 21; See 449 F.3d at 20.
- Notwithstanding the previous decisions of this Court and the First Circuit, Plaintiffs, individually and as members of the Tribe, now claim that the Defendants acted illegally and under color of state law when they deprived the Plaintiffs of their constitutional rights by illegally arresting them. *Smoke Shop II Complaint* at ¶¶ 30-33.

## III. ARGUMENT

### 1. Standard of Review

A motion to dismiss may be granted when it appears that a plaintiff will not be able to recover under any set of facts. *Roma Construction Co. v. aRusso*, 96 F.3d 566, 569 (1st Cir. 1996). The court must take the allegations as true and make all reasonable inferences in plaintiff's favor. A complaint should be dismissed when it appears "to certainty" that a plaintiff can prove no set of facts entitling him to relief. *Id.*

### 2. Plaintiffs' Complaint is Barred by Collateral Estoppel.

A party is barred from maintaining an action when an issue of fact or law was actually litigated and determined by a valid judgment and this determination is conclusive in a subsequent action between the parties and their privies, whether on the same or different claims. *Monarch Life Ins. v. Ropes & Gray*, 65 F.3d 973, 978 (1st Cir. 1995); *Richards v. Public Serv. Co.*, 848 F.Supp. 318, 325 (D.R.I. 1994). Identity of the parties

need not be the same in the current and former proceedings. *Id.* Rather, all that is required is that that the party against whom issue preclusion is asserted be given the opportunity to fully litigate the issue in the former proceeding. *Monarch Life Ins.*, 65 F.3d at 978; *DiPinto v. Sperling*, 9 F.3d 2, 4 (1st Cir. 1993) ("Mutuality of parties is not essential to a collateral estoppel defense under Rhode Island law.").

Specifically, collateral estoppel bars the relitigation of the same issues of law or fact where: "(1) the instant matter and the prior proceedings involve the ***same issue*** of law or fact; (2) the parties ***actually litigated*** the issue in the prior proceeding; (3) the previous court ***actually resolved*** the issue in a final and binding judgment; and (4) the prior court's resolution of that issue was ***essential*** to its holding." *Monarch Life Ins.*, 65 F.3d at 978 (emphasis in original); *see also Global NAPS Inc. v. Massachusetts Department of Telecommunication and Energy*, 427 F.3d 34, 44 (1st Cir. 2005); *Richards,* 848 F.Supp. at 325.

All of the elements of collateral estoppel are met in this case. The State's right to execute a search warrant on the Settlement Lands, its right to seize contraband cigarettes there and its right to arrest those violating state law on the Settlement Lands, including officers and members of the Tribe was raised, litigated, and resolved in *Smoke Shop I*. Moreover, the Court's determination that the arrests of Tribal members were lawful was an essential component of the First Circuit's larger determination that the State's civil and criminal laws apply on the Settlement Lands and can be *enforced* there. The Plaintiffs' claim in this case — that since the State cannot enforce its laws on the Settlement Lands, state actors did not have the authority or jurisdiction to "arrest, detain

or imprison" them either individually or as members of the Tribe – is precisely the same issue actually litigated *Smoke Shop I*. As a matter of law, that issue has been put to rest.

The First Circuit also decided the issue of whether individual tribal members could find refuge under tribal sovereign immunity when it considered the arrests of the individual members of the Tribe at the Smoke shop. The *en banc* court recognized the general rule that "tribal sovereign immunity does not protect individual members of an Indian tribe." 449 F.3d at 30. The Court found that "[a]t its most expansive, tribal sovereign immunity may extend to tribal *officers* - but only when such officers are acting within the legitimate scope of their official capacity." *Id.* (citations omitted). The Court found that "[w]hatever the scope of a tribal officer's official capacity, it does not encompass activities that range beyond the authority that a tribe may bestow." *Id.* The Court reasoned that "[i]t follows from this tenet" that the Tribe "is legally obligated to comply" with state law of general application. *Id.* The First Circuit held that violations of state law "by the Tribe's officers fall outside the scope of their official capacity. Therefore, the arrests of the Tribe's officers involved in the smoke shop operation would be valid regardless of the scope of the Tribe's sovereign immunity." *Id.*

The question of whether the State may enforce its civil and criminal laws on the Settlement Lands have been exhaustively litigated by the Tribe and the State. The First Circuit's holding that the State's criminal and civil laws apply and that the State has the authority and jurisdiction to address noncompliance on the Settlement Lands is a final and binding judgment on all subsequent actions by the Tribe and its members. The doctrine of issue preclusion bars Plaintiffs' Complaint.

### 3. Count II Must be Dismissed Since the Supreme Court has Denied Certiorari.

In Count II of their Complaint, the Plaintiffs request injunctive relief only "until such time as the Writ of Certiorari to the United States Supreme Court is granted or denied and, if granted, until a decision from the Court issues." On November 27, 2006, the United States Supreme Court denied *certiorari* in this case. 127 S.Ct. 673 (2006). Accordingly, this Court should dismiss Count II as moot.

## IV. CONCLUSION

For the reasons stated above, the Defendants move this Court to dismiss the Plaintiffs' Complaint for failing to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Proc. Rule 12(b)(6).

Respectfully submitted,

State of Rhode Island, et al.
By Their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ *Neil F.X. Kelly*

*/s/ Rebecca Tedford Partington*

Neil F. X. Kelly, #4515
Assistant Attorney General
Rebecca Tedford Partington, #3890
Deputy Chief-Civil Division
150 South Main Street
Providence, RI 02903
(401) 274-4400 Ext. 2284
FAX: (401) 222-2995

Governor Donald L. Carcieri
By His Attorney,

*/s/ Claire Richards*

Claire Richards, #4057
Special Counsel
Room 119, The State House
Providence, RI 02903
(401) 222-8114
FAX: (401) 222-8091

Dated: February 2, 2007

**CERTIFICATION**

I hereby certify that on this 2nd day of February 2007 I electronically filed the within Memo in Support of Motion to Dismiss with the United States District Court for the District of Rhode Island via the ECF system. Additionally, a copy is sent electronically via the ECF system to John F. Killoy at j.killoy@verizon.net

*/s/ Neil F.X. Kelly*

_________________________