UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Narragansett Indian Tribe of Rhode Island

Plaintiff,

vs.

The State of Rhode Island and Providence Plantations, Governor Donald L. Carcieri, State of Rhode Island, in his official capacity; Patrick C. Lynch Rhode Island Attorney General, in his official capacity; Rhode Island State Police, Colonel Steven M. Pare, in his official capacity; Justices of the Rhode Island District and Superior Courts; the Town of Charlestown; and the Charlestown Police Department

Defendants.

C.A. No. 03-

**COMPLAINT**
**FOR DECLARATORY RELIEF**

**COMPLAINT**

**(Declaratory Judgment Sought)**

Plaintiffs in this Complaint allege:

INTRODUCTION

1. Plaintiff, Narragansett Indian Tribe [hereinafter "the Tribe"], seeks declaratory judgment against the State of Rhode Island and Providence plantation, the Governor of the State of Rhode Island, the Attorney General of the State of Rhode Island, the Rhode Island State Police and the justices of the Rhode Island Superior and District Courts on the grounds that (a) the Tribe's status under the Rhode Island Indian Land Claims Settlement, 25 U.S.C.

§1701 et seq., precludes the application of state cigarette distribution, licensing, sales and excise tax and administrative laws pursuant to the United State Supreme Court precedents in this area of law; (b) incidence of cigarette excise tax pursuant to R.I. Gen. Laws §44-20-12 falls on the tribe under Rhode Island Cigarette statute; (c) the Tribe's sovereign immunity bars the collection of excise taxes on the sale of cigarettes on Tribal trust lands; (d) the tribe's sovereign immunity bars the collection of cigarette excise taxes for sales to non-Indian members for damage action in any court; and, (e) the Rhode Island Indian Land Claims Settlement, 25 U.S.C. §1701 et seq does not grant authority to the State of Rhode Island to tax the federally recognized Narragansett Indian Tribe.

## JURISDICTION AND VENUE

2. The Tribe seeks a determination of its rights, privileges, and immunities under 25 U.S.C §1701 et. seq. and a determination of the application of the State of Rhode Island excise tax on cigarettes and it accompanying administrative statutes and regulations. Plaintiff seeks this court to "declare the rights and legal relations" of the State of Rhode Island and the Narragansett Indian Tribe as there exists an actual controversy. 28 U.S.C. §§ 2201 and 2202. The Tribe also seeks relief under 25 U.S.C. § 177, 25 U.S.C. § 1701 et seq., under federal common law, and under R.I. G.L. 37-18 (1) – (15).

3. This Court has jurisdiction over this action under 25 U.S.C. § 1701 et seq., under 28 U.S.C. §§ 1331, 1337, 1362 and 1367, 25 U.S.C. § 177, and under federal common law.

4. This action seeks injunctive as well as declaratory relief, pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, as there is an actual controversy between the parties sufficient to invoke the jurisdiction of this Court.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in that a substantial part of the action giving rise to the claims occurred within the District and the Respondents are subject to personal jurisdiction within the District.

PARTIES

6. The Tribe is a federally recognized and acknowledged Indian tribe with sovereign reservation lands located near the Town of Charlestown, Rhode Island.

7. The governing body of the Tribe is Chief Sachem and the Narragansett Indian Tribal Council (hereinafter "Tribal Council").

8. Defendant State of Rhode Island is a sovereign state.

9. Defendant Donald Carcieri is the Governor of the State of Rhode Island

10. Defendant Patrick Lynch is the Attorney General of the State of Rhode Island

11. Defendant Colonel Steven M. Pare is the Superintendent of the Rhode Island State Police

12. Defendant Justices of the Rhode Island Superior and District Courts.

13. Defendants Town of Charlestown and the Charlestown Police Departments

The Tribe's Sovereign Immunity

14. The Tribe's sovereign immunity has been established under the Rhode Island Land Claims Settlement act by seven (7) federal and state court decisions all finding that the Tribe retains its common law immunity from suit.

The State Has No Jurisdiction over Tribal Taxation under the Rhode Island Land Claims Settlement

15. Congress did not authorize Rhode Island to Tax the Narragansett Indian Tribe.

16. State taxing power over activities on Indian reservations or 'Indian country"[1] must be consented to by Congress.

17. The Supreme Court has found that when Congress intends to grant taxation authority over tribes to states it must do so clearly and expressly.

18. The Supreme Court has also held, that State taxes on tribes are not permitted where the legal incidence of the tax rests upon the tribe or on tribal members living inside Indian country.

19. The legal incidence of tax falls on the Tribe in Rhode Island.

20. The Supreme Court has further held that tribal sovereign immunity bars a state suit against a tribe to recover taxes owed for sales to non-Indians at tribally owned stores.

[1] "Indian Country" is the more precise term for determining jurisdictional questions in Indian law. *See* 18 U.S.C. § 1151 (2000) (defining the specific statutory characteristics of the lands in question). Section 1151 of Title 18 is a criminal statute but its definition has been made applicable to civil and regulatory jurisdiction as well. *See* DeCoteau v. Dist. County Court, 420 U.S. 425, 427 FN2 (1975).

21. The Rhode Island Indian Claims Settlement Act (25 U.S.C 1701 et. seq.) (Settlement Act) was enacted on September 30, 1978.

22. On February 10, 1983, the Department of the Interior issuec a Final Determination acknowledging (recognizing) that the Narragansett Indian Tribe of Rhode Island was and still is an Indian Tribe. The Tribe is therefore a sovereign government, subject to the usual plenary power of Congress over Indian tribes.

23. On September 12, 1988, the Bureau of Indian Affairs, on behalf of the United States of America, accepted in trust the Settlement Lands for the Narragansett Indian Tribe.

24. The Settlement Act, among other things, identifies two separate entities. The first is the "Indian Corporation," which is a "non-business" political entity also known as the "Narragansett Tribe of Indians." The second is the "State Corporation" which the State of Rhode Island was required to charter to initially hold and manage certain Settlement lands.

25. The language of the Settlement Act shows Congress fully understood that the two entities were legally separate and distinct.

26. There are no provisions in the Settlement Act, or the 1980 amendment to the Act, that grant authority to the State to tax the Indian Corporation or a federally recognized Tribe.

27. Congress has never acted to remove the *Tribe's* tax-exempt status. In 1980, Congress amended the Settlement Act to shield the *State Corporation* from taxes.

28. Congress only intended for Section 1715 of the Settlement Act to apply to the "State Corporation" while it held the Settlement lands.

29. As a federally recognized Tribe, the Narragansett Indian Tr be, does not need a tax exemption to be tax exempt. After federal recognition, the State must have express approval from Congress to impose a tax on a Tribe. The State lacks such express Congressional approval to tax the Narragansett Indian Tribe.

30. Accordingly, the State of Rhode Island and its political subdivisions lack the authority to tax the Narragansett Indian Tribe.

31. On or about July 12, 2003 the Tribe commenced the sale of cigarettes at the Narragansett Indian Smoke Shop located upon the Tribe's reservation, the Settlement Lands.

32. On or about July 12, 2003 the Rhode Island State Police secured a Search Warrant from the Superior or District Courts of the State of Rhode Island.

33. On July 14, 2003 the Rhode Island State Police illegally entered upon Tribal lands, executed the Search Warrant and seized property and merchandise of the Narragansett Indian Tribe.

34. On July 14, 2003, the Town of Charlestown, through the Charlestown Police Department assisted the Rhode Island State Police in the execurtion of the Search Warrant resulting in the illegally entery upon Tribal lands, executed the Search Warrant and seized property and merchandise of the Narragansett Indian Tribe.

35. In the course of executing the Warrant the Rhode Island State Police arrested six or more Tribal members including the Chief Sachem, the First Councilman, two additional Councilmen, a Tribal Law Enforcement Officer and a female member of the Tribe.

36. Various criminal charges against Tribal officials and Tribal members have been filed in the State of Rhode Island District Court in Washington County.

COUNT I
(DECLARATORY JUDGMENT)

35. Plaintiff realleges and incorporates by reference Paragraphs 1- 36 of its Complaint.

36. Plaintiff and Defendants are interested parties under the Rhode Island Indian Claims Settlement Act.

37. Plaintiff has a significant interest in the Settlement Act and in compelling Defendants to adhere to its terms.

38. Both Plaintiff and Defendant' rights and legal relationship are contained within the terms of the Settlement Act.

39. A controversy has arisen between the parties wherein Attorney General Lynch and Governor Carcieri in violation of federal law have wrongfully secured a Search Warrant from a Justice of the Rhode Island District Court and have instructed State Police to execute such a warrant.

40. Further, a controversy has arisen between the parties as to the Plaintiff's inherent sovereign power upon Tribal lands.

41. Plaintiff seeks a declaratory judgment pursuant to 28 U. S. C.

§ 2201 for the purpose of determining an actual controversy between the parties as alleged more fully herein.

42. Plaintiff seeks an affirmative declaration regarding the rights and legal obligations under federal law over matters pertaining to the Settlement Act and the Tribe's right to sell cigarette products on Tribal reservation lands free from State taxation.

WHEREFORE, Plaintiff prays for an affirmative declaration from this Court having the full force and effect of a final judgment, as follows:

a. That the Narragansett Indian Tribe of Rhode Island, within its inherent sovereign power and as a matter of federal law, has authority to sell cigarette products free from state laws upon Tribal lands;

b. That the Settlement Act does not subject the Tribe to State taxation for the sale of cigarette products, or any other products this Court deems just;

c. That the Search Warrant of July 12, 2003 by declared vacated or otherwise held in violation of federal law and the Tribe's sovereign rights there under.

d. That the arrests of Tribal officials and members be declared vacated or otherwise enjoined as violations of federal law and the Tribe's sovereign rights there under.

e. That the Narragansett Indian Tribe of Rhode Island be awarded all costs and expenses including reasonable attorneys fees; and

f. That the Court order such other and further relief as may be proper.

## COUNT II
## (INJUNCTIVE RELIEF)

43. Plaintiff, realleges and incorporates by reference Paragraphs 1 - 42 of its Complaint.

44. That a temporary, preliminary and permanent injunction enter ordering the Defendants to return all cigarette products and other materials seized from the Tribe on July 14, 2003, as required by federal law.

45. That a temporary, preliminary and permanent injunction enter ordering that the Search Warrant of July 12, 2003 by declared vacated or otherwise held in violation of federal law and the Tribe's sovereign rights there under.

46. That a temporary, preliminary and permanent injunction enter ordering that the arrests of Tribal officials and members be declared vacated or otherwise enjoined as violations of federal law and the Tribe's sovereign rights there under.

47. That if the Defendants are not so affirmatively enjoined the Narragansett Indian Tribe of Rhode Island, its governmental agencies and entities, along with Tribal members will suffer further irreparable harm for which there is no adequate remedy at law, namely by being deprived of revenues from its cigarette sales.

48. . That the balancing of the equities with regards to irreparable harm to the Narragansett Indian Tribe of Rhode Island, its governmental agencies and entities, along with Tribal members, as opposed to the Defendants and the community at large, does not compare.

WHEREFORE, the Plaintiif seek the following temporary, pre iminary and permanent affirmative injunction relief:

a. That the Narragansett Indian Tribe of Rhode Island, within its inherent sovereign power, has authority to sell cigarette products, and other products upon Tribal lands;

b. That a temporary, preliminary and permanent injunction enter ordering the Defendants to affirmatively and diligently adhere to the terms and conditions of to return all cigarette products and other materials seized from the Tribe on July 14, 2003, as required by federal law.

c. That a temporary, preliminary and permanent injunction enter ordering that the Search Warrant of July 12, 2003 by declared vacated or otherwise held in violation of federal law and the Tribe's sovereign rights there under.

d. That a temporary, preliminary and permanent injunction enter ordering that the arrests of Tribal officials and members on July 14, 2003 by declared vacated or otherwise held in violation of federal law and the Tribe's sovereign rights there under.

e. That the Defendants herein be enjoined and restrained from further acts in violations of federal law and the Tribe's sovereign rights there under, as this Court deems just.

f. That the Narragansett Indian Tribe of Rhode Island be awarded all costs and expenses including reasonable attorneys fees; and

g. That the Court order such other and further relief as may be proper.

RESPECTFULLY SUBMITTED BY THE NARRAGANSETT INDIAN TRIBE, BY AND THROUGH COUNSEL,

JOHN F. KILLOY, JR. #2761
74 Main Street
Wakefield, RI 02879
(401) 783-6840
(401) 782-2490 Facsimile
j.killoy@verizon.net

Of Counsel

Douglas J. Luckerman, Esq.
20 Outlook Drive
Lexington, Massachusetts 02421
(781) 861-6535
Attorneys for Plaintiff

Dated this 15th day of July, 2003.

# AFFIDAVIT

I, Corporal Donald F. Devine Jr., on oath do depose and say that:

I am a member of the Rhode Island State Police and have been continuously employed in this capacity for the past (17) years. I am presently assigned to the Intelligence/Narcotics Unit and have been so for the past five years. I am engaged in the investigation of all types of criminal matters, which violate the General Laws of the State of Rhode Island.

During the month of June 2003, information was received that the Narragansett Indians were planning on opening a smoke shop on their reservation land on South County Trail in the Town of Charlestown. The Indians planned on selling non-taxable cigarette's in all different varieties.

The Attorney Generals office was consulted and Mr. James Lee, Chief of the Attorney Generals Criminal Division advised that members of the Narragansett Indian Tribe are not exempt from Rhode Island laws whether they are operating on Sovereign land or not.

Mr. David J. Thomas, Principle Revenue Agent for the Rhode Island Division of Taxation advised that the tribe would need to obtain a permit to make retail sales and a cigarette dealer's license. In addition to obtaining the license/permits, individuals selling cigarettes must obtain the necessary stamps for the product by reporting the importation of the cigarettes into the State of Rhode Island within 24 hours of being imported.

At approximately 3:00 PM, your affiant acting in an undercover capacity responded along with David J. Thomas, Rhode Island Division of Taxation to the smoke shop on Route 2, South County Trail, Charlestown. Mr. Thomas and your affiant purchased 2 cartons of cigarettes. A carton of Marlboro filter cigarettes was purchased for $24.99 and a carton of Seneca cigarettes were purchased for $9.99. No taxes were recorded for the two cartons and a receipt was received from the cash register which looked to contain several hundered dollars in United States Currency. There also was no **PERMIT TO MAKE SALE AT RETAIL** posted on the wall or observed anywhere inside of the trailer. There also appeared to be approximately 250 to 300 cartons of brand name cigarettes stacked up against a wall. A small room in the rear of the trailer appeared to be the stockroom and contained approximately 500 cartons of different brand name cigarettes. There also were 8 workers inside of the trailer and all appeared to be Narragansett Indians. Your affiant was advised that the business would open at 10:00 AM and closed at 7:00 PM.

Your affiant and Mr. Thomas left the area. Mr. Thomas checked both cartons of cigarettes, which were sealed and never opened. No tax stamps were affixed to the cigarettes, which is a clear violation of Rhode Island General Laws.

Mr. Thomas advised that the Division of Taxation sell tax stamps to wholesalers for $1.50 a pack. A 7% sales tax is then imposed on the total price. The carton of Marlboro would sell in a legitimate store for approximately $48.00 or $49.00 dollars.

Information was received that the Seneca Indian Tribe from New York is supplying the Narragansett's and incurring the initial start up costs. During the first weekend in June 2003 vehicles with State of New York registrations were seen backed up to the trailer. Individuals were observed loading boxes inside the tan trailer with a sign on the roof advertising "Narragansett Smoke Shop."

Tribal leaders of the Narragansett Indians have been advised through negotiations with the Governors Office and the Attorney Generals Department that they cannot open a smoke shop without the proper permits and they cannot sell non-taxable cigarettes.

On Saturday July 12, 2003, at approximately 10:00 AM, members of the Charlestown Police Department advised troopers from the State Police Hope Valley Barracks that it was believed the Indians had opened the store and were selling cigarettes. A neon sign in the window of the trailer proclaimed "OPEN" and there were several cars in the parking lot and vehicles were parked along the roadway on South County Trail, Charlestown.

Trooper Jeffrey Clark from the Hope Valley Barracks responded to the area. Trooper Clark confirmed that the store was open for business and signs along the road advertised different brands of cigarettes and prices. Trooper Clark requested to see the sales permit from Narragansett Indian Chief Matthew Thomas who stated to Trooper Clark "we don't need them, this is federal property and I would appreciate it if you would get your state car off our property."

Mr. Thomas also advised that the following Rhode Island General Laws is being violated by the selling of untaxed cigarettes. Rhode Island General Laws 44-19-1 annual permits required-retail business subject to sales tax. Rhode Island General Laws 44-20-2 distributors and dealers license required. Rhode Island General Laws 44-20-12 taxes on Cigarettes imposed. Rhode Island General Laws 44-20-36 purchase of unstamped cigarettes, seizure and forfeiture of cigarettes under Rhode Island General Laws 44-20-37.

Based on your affiants investigation and all information contained herein, your affiant prays that a search warrant be issued for the Narragansett Indian Smoke Shop, which is located **opposite** 4510 South County Trail, Charlestown, Rhode Island. Building and property described as a tan aluminum trailer, approximately 25 feet in length, 2 front gray doors, wooden ramp, wooden stairs and a large sign on the roof proclaiming **NARRAGANSETT SMOKE SHOP.** There was no street number listed for the property.

Your affiant also requests to seize any and all cartons of cigarettes, United States Currency that has been derived from the illegal sale of un-taxed cigarettes, paperwork, items, computers or documents showing ownership of possession or control of the premises.

Donald F. Devine Jr.
Corporal
Rhode Island State Police

In Cranston this 12th day of July 2003 before me personally came Det Corporal Donald Devine Jr and made oath to the truth of the foregoing.

Judge of the District Court
~~Justice of the Supreme~~ Superior Court

# Search Warrant

| State Ex rel | Member of the Rhode Island State Police Cpl. Donald F. Devine, Jr. | County: Washington |
|---|---|---|
| vs. Respondent | **Opposite pole 4510 South County Trail, Charlestown, Rhode Island described as a tan alumibnum trailer, approximately 25 feet in length, 2 front gray doors, wooden ramp, wooden stairs, large sign on the roof Narragansett Smoke Shop** | TO: An Officer authorized by law to execute the within warrant, |

Complaint and affidavit having been made to me under oath, and as I am satisfied that there is probable cause for the belief therein set forth that grounds for issuing a search warrant exist, you are hereby commanded diligently to search the place or person herein described for the property specified and to bring such property or articles, and to summon the owner, or keeper thereof, if any be named in the complaint, if to be found by you, to appear before the District Court in the district where such property shall have been seized, namely the_______ Division of the District Court of Rhode Island.

Place or person to be searched: Opposite pole 4510 South County Trail, Charlestown, Rhode Island described as a tan aluminum trailer, approximately 25 feet in length, 2 front gray doors, wooden ramp, wooden stairs, large sign on the roof Narragansett Smoke Shop.

Property or articles to be searched for: Cartons of cigarettes, United States Currency, paperwork, items, computers or documents showing ownership of possession or control of the premises.

Name of owner, or keeper, thereof if known to complainant: Matthew Thomas Chief of the Narragansett indians

Said warrant shall be served in the daytime -- may be served in the nighttime -- within seven (7) days from the issuance hereof, AND IF NOT SERVED WITHIN SAID TIME TO BE RETURNED FORTHWITH TO A JUDGE SITTING IN THE ABOVE NAMED COURT.

Property seized by you hereunder shall be safely kept by you under the direction of the Court so long as may be necessary for the purpose of being used as evidence in any case. As soon as may be thereafter, if the same be subject to forfeiture, such further proceedings shall be had thereon for forfeiture as is prescribed by law.

Hereof fail not and MAKE TRUE RETURN PROMPTLY OF THIS WARRANT TO A JUDGE THERE SITTING with your doings thereon, accompanied by a written inventory of any property taken to a judge sitting in the above named court.

Issued at Chas in the county of Wash this 12th day of July A.D. 2003 @ 9:45 p.m.

Judge of the District Court
~~Justice of the Supreme/Superior Court~~

~~Judge~~

# RETURN OF SERVICE

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

_____, SC.

At _____ (place), _____ (date) A.D. _____, pursuant to the within warrant I have made search during the -- _____ -- as commanded and submit herewith a written inventory of property taken :

_______

I have also summoned _____ named in said Complaint, as commanded to appear before the _______ Division of the District Court in _____ at 9:30 o'clock in the forenoon, on _____ A.D _____.

I have also given to _______ the person from whom -- from whose premises said property was taken -- a copy of the within warrant -- I have left a copy of the within warrant at -- on the place from which said property was taken -- but I did not find the person from whose premises said property was taken but left a copy of said warrant -- on the place from which the property was taken.

_______________________________

Authorized Officer

# State of Rhode Island and Providence Plantations
# Complaint to Search and Seize Property / or Person

TO ______ Justice of the Supreme, Superior Court, or Judge of the District Court of the State of Rhode Island.

a) Cpl. Donald F. Devine, Jr.______, Member of the Division of State Police.

b) ______ a person authorized by law to bring complaints for violation of the law which it is my responsibility to enforce/a person who has a right to possession of the property stolen, embezzled, or obtained by false pretense or pretenses:

ON OATH COMPLAINS THAT:

(1) Certain property has been stolen or embezzled, or obtained by false pretenses, or pretenses, with intent to cheat or defraud within this state or elsewhere.

(2) Certain property has been kept, suffered to be kept, concealed, deposited, or possessed in violation of law, or for the purpose of violating the law;

(3) Certain property is designed or intended for use, or is or has been used in violation of law, or as a means of committing a violation of law;

(4) ______

and prays that a warrant to search for and seize said property/person be issued and if the same be subject to forfeiture, that the property be forfeited.

The person/property or articles to be searched for and/or seized is described as follows:
Cartons of cigarettes, United States Currency, paperwork, items, computers or documents showing ownership or control of the premises.

______

The name of the owner or keeper, thereof (if known) is: Matthew Thomas Chief of the Narragansett Indians
The place or person to be searched is described as follows: Opposite 4510 South County Trail, Charlestown, Rhode Island, described as a tan aluminum trailer, approximately 25 feet in length, 2 front gray doors, wooden ramp, wooden stairs and a large sign on the roof proclaiming Narragansett Smoke Shop

Your complainant prays that said warrant may be served in the night time for the reason that: ______

Subscribed and sworn to before me:

Date July 12, 2003

Judge/~~Justice~~

Complainant