**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

Mathew Thomas, Randy Noka
Bella Noka, Hiawatha Brown,
John Brown, Thawn Harris, and
Adam Jennings

*Plaintiffs*,

V. C.A. No. 06-317S

The State of Rhode Island and Providence Plantations; Governor Donald L. Carcieri, in his official capacity; State of Rhode Island; Patrick C. Lynch, Rhode Island Attorney General in his official capacity; Colonel Steven M. Pare; State Police Trooper Badge # 37; State Police Detective Timothy Sanzi; State Police Detective Joseph Philbin; State Police Detective Michael Casey; State Police Detective Ken Barry; State Police Detective Ken Bell; and State Police Troopers - John Does 1 to 7

*Defendants*.

**PLAINTIFFS' MEMORANDUM IN OPPOSITION**
**TO DEFENDANTS' MOTION TO DISMISS**

Now come the Plaintiffs and herein Object to Defendants' Motion to Dismiss. Plaintiffs' filed this action against the defendants for violations of their respective civil rights pursuant to 42 U.S.C. § 1983 and guaranteed under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. The action arises out of a State Police Raid on the Narragansett Indian Smoke Shop on July 14, 2003. Defendants' responded to Plaintiffs' Complaint on February 2, 2007 by filing the within Motion to Dismiss for failing to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

## I. INTRODUCTION

The allegations in Plaintiffs complaint all arise out of a single incident occurring on the Narragansett Indian Reservation on July 14, 2003. The facts and circumstances have been widely publicized in local, regional and national media. There has also been over three years of civil litigation in this Court in *Narragansett Indian Tribe v. State of Rhode Island*, 296 F.Supp.2d 153 (D.R.I. 2003) and on appeal to the First Circuit in *Narragansett Indian Tribe v. State of Rhode Island*, 449 F.3d 16 (1st Cir. 2006) (*en banc) cert. denied,* 127 S.Ct. 673 (2006).

As a result of the State Police Raid, the Plaintiffs herein were arrested and charged with various state law crimes including resisting arrest, disorderly conduct and simple assault. All of these charges are pending jury trials in the Rhode Island Superior Court. Plaintiffs, at the time of the Raid, acted to protect the sovereignty of the Tribe's lands and governmental authority to lawfully engage in the operation of the Tribe's Smoke Shop. The State's responded to the opening of the Smoke Shop with the unprecedented use of a search warrant[1] executed by 33 State Troopers with police dogs.[2] "During the execution of the search warrant, an altercation occurred between some members of the Tribe and several State police officers." *Narragansett Indian Tribe v.*

---

[1] Generally, the State Tax Administrator enforces R.I. Gen Laws 44-20-1, et seq. the Cigarette Tax statute. The requirement for licenses is set forth in R.I. Gen Laws 44-20-2 and the process for enforcement is for the Tax Administrator to issue a citation pursuant to R.I. Gen Laws 11-9-13.15. Additionally, R.I. Gen Laws 44-20-37 permits the Tax Administrator or a police officer when directed by the Tax Administrator to seize untaxed cigarettes without a warrant. *Source*, *Affidavit of Cpl. D. Devine in support of application for a search warrant*.

[2] There was also a Tactical Support Team consisting of 18 Troopers in reserve. *Source, Rhode Island State Police Internal Report, Narragansett Smoke Shop, July 29, 2003*.

*State of Rhode Island*, 296 F.Supp.2d at 158. This Court was critical of the State's intrusive actions and lack of respect for the sovereignty of the Tribe. *Id*. at 176, fn 34.

Defendants Motion to Dismiss in founded upon the *En Banc* decision of the First Circuit that the "State's right to execute a search warrant on the Settlement Lands, its right to seize contraband cigarettes there and its right to arrest those violating state law on the Settlement Lands . . . was raised, litigated and resolved . . ." *Defendants' Motion to Dismiss at p. 6*. That under the doctrines of res judicata and collateral estoppel Plaintiffs' Complaint must be dismissed. For those reasons set forth below the Defendants Motion must be denied.

## II. STANDARD OF REVIEW

"Upon considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the district court should not grant the motion unless it appears to a certainty that plaintiff would be unable to recover under any set of facts." *Roma Construction Co. v. aRusso,* 96 F.3d 566, 569 (1st Cir. 1996). All reasonable inferences from properly plead facts are to be construed in favor of the plaintiff. *Id. at 568.*

"In ruling on any motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences." *See Negron-Gaztambide v. Hernandez-Torres,* 35 F.3d 25, 27 (1st Cir.1994)*, cert. denied,* 513 U.S. 1149, 115 S.Ct. 1098, 130 L.Ed.2d 1066 (1995). "Dismissal under Rule 12(b)(6) is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *Ninigret Development Corp. v. Narragansett Indian Wetuomuck Housing Authority*, 32 F.Supp.2d 497, 501-502 (D.R.I. 1999).

Some courts have adopted an even stricter stance against defendants trying to dismiss civil rights claims. *Wright & Miller, Federal Practice and Procedure, Civil 3d § 1357; citing to Metts v. Murphy,* 363 F.3d 8 (1st Cir. 2004). *See also, Cholopy v. City of Providence,* 228 F.R.D. 412, ___ (D.R.I. 2005) (Court should exercise its discretion liberally in ruling on a Rule 15 motion to amend when the complaint involves civil rights allegations).

"Many federal courts have concluded that the complaint should not be dismissed merely because the plaintiff's allegations do not support the legal theory he or she intends to proceed on, since the district court is under a duty to examine the complaint to determine if the allegations provide relief on any possible legal theory." *Wright & Miller, Federal Practice and Procedure, Civil 3d § 1357; citing to Young v. Lepone*., 305 F.3d 1, 8 (1st Cir. 2002) (recovery under any applicable legal theory)

The court in its review is not limited to the four corners of the complaint. On a Motion to Dismiss a court may look beyond the complaint to matters of public record and in doing so does not convert a Rule 12(b)(6) motion into a motion for summary judgment. *Laceda v. Wyatt Detention Facility*, 334 F.Supp. 114, 121, fn 1 (D.R.I. 2004), citing to Lawson *v. Liburdi,* 987 F.2d 1,3-4 (1st Cir. 1993).

Finally, "the burden is on the moving party to prove no legally cognizable claim for relief exists." *Wright & Miller, Federal Practice and Procedure, Civil 3d § 1357.*

## III. ARGUMENT

. Defendants' argument is grounded solely in what the First Circuit said in relation to the Tribe's rights and authority upon its Reservation *not* the rights of the individual Plaintiffs' as set forth in Count I of the Complaint:

> Plaintiffs' have a right to be free from illegal seizure of their person and the right to be free from unlawful arrest, detention and imprisonment, the rights secured to plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. § 1983.

Plaintiffs' Complaint ¶ 30

> Plaintiffs have a right not to be deprived of life, liberty or property without due process of law, and the right to equal protection of the laws, secured by the Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. § 1983

Plaintiffs' Complaint ¶ 31

.

> Defendants individually and in concert with the others acted under color of state law and in their official capacities, but said acts are illegal, and each defendant individually and in concert with the others acted deprived the plaintiffs of their constitutional rights.

Plaintiffs' Complaint ¶ 32

Nothing in the First Circuit opinion addresses these individual rights. Including the right to be free from false arrest, wrongful arrest, abuse of process, excessive force and the like. A fair reading of Plaintiffs Complaint does not warrant dismissal under Fed.R.Civ.P. 12(b)(6).

As for the merits of the Defendants' arguments that the doctrines of res judicata and collateral estoppel control, they simply are not applicable to the individual civil rights claims of each of the Plaintiffs. Those claims were not litigated in the taxation and jurisdictional disputes argued before this Court and the First Circuit between the Narragansett Indian Tribe, *qua* Tribe, and the State of Rhode Island.

Moreover, these individual Plaintiffs' were not a party to those actions. Res judicata or claim preclusion "precludes litigation of the same claim by the same parties." *DiPinto v. Sperling*, 9 F.3d 2, 4 (1st. Cir. 1993) and, *In Re Public Service Co. of New Hampshire,* 848 F.Supp 318 (D.R.I. 1994). It also requires that a party have a full and fair opportunity in the prior proceeding to litigate "all issues raised in the present action." *Id*. Whether the State of Rhode Island had authority to enter the Tribe's land and execute a state search warrant is not the same as whether they acted lawfully in carrying out that action. For instance, was each arrest lawful in its own right, were any of the Plaintiffs' constitutional protected rights violated, was there any use of excessive force and what of the pending criminal matters should any or all criminal charges be dismissed. In summary, "neither res judicata nor collateral estoppel bars a party from seeking to vindicate rights or litigate issues not encompassed by prior suit." *DeCosta v. Viacom Int'l, Inc.,* 758 F.Supp. 807, 811 (D.R.I. 1991).

**III. LEAVE TO AMEND**

Plaintiffs herein will be seeking a leave to amend their complaint under Fed.R.Civ.P. 15. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Moreover, when deciding a Rule 12(b) motion - "The federal rule policy of deciding cases on the basis of the substantive rights rather than on technicalities requires that the plaintiff be given an opportunity to cure a formal defect in the pleadings." *Wright & Miller, Federal Practice and Procedure, Civil 3d § 1357.*

Further, in ruling on a Motion to Dismiss, in the preliminary stages of litigation the Court should permit a party to amend its pleadings and not dismiss. There is no doubt that there are significant facts, some not yet revealed through discovery, that support

Plaintiffs' allegations. Plaintiffs herein request permission to amend their Complaint.

## IV. CONCLUSION

For those reasons set forth herein Defendants' Motion to Dismiss must be denied.

Plaintiffs

/s/ *John F. Killoy, Jr.*

John F. Killoy, Jr., Esquire (#3761)
74 Main Street
Wakefield, RI 02879
(401) 783-6840
(401) 782-2490 Fax
j.killoy@verizon.net

Dated: March 2, 2007

## CERTIFICATION

I hereby certify that I electronically filed the above-referenced document with the United States District Court for the District of Rhode Island via the ECF system and a copy to the counsel of record via the ECF system on this 2nd day of March 2007.

/s/ *John F. Killoy, Jr.*