UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - - -

Matthew Thomas, Randy Noka, Bella Noka, Hiawatha Brown, John Brown, Thawn Harris, Adam Jennings,
Plaintiffs,

vs. C.A. No. 06-317 S

The State of Rhode Island and Providence Plantations, Governor Donald L. Carcieri, State of Rhode Island, Patrick C. Lynch Rhode Island Attorney General, Rhode Island State Police, Colonel Steve M. Pare, State Police Trooper Badge # 37, State Police Detective Timothy Sanzi, State Police Detective Joseph Philibin, State Police Detective Michael Casey, State Police Detective Ken Barry, State Police Detective Ken Bell, and State Police Troopers - John Does 1 to 7,
Defendants.

- - - - - - - - - - - - - - - - -

**ORDER**

Before the Court is Defendants' Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiffs' Complaint in the above captioned matter. The events giving rise to Plaintiffs' claims are set forth in Narragansett Indian Tribe v. Rhode Island, 449 F.3d 16 (1st Cir. 2006) (en banc) ("Smokeshop I"), aff'g 296 F. Supp. 2d 153 (D.R.I. 2003), and do not need to be repeated here.

Plaintiffs purport to assert claims under 42 U.S.C. § 1983 for their unconstitutional arrest and detention by Defendants in connection with the raid upon the Narragansett Indian Smoke Shop. Because the Complaint fails to state any viable cause of action, the Court will grant Defendants' Motion to Dismiss. See Roma Construction Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996).

Plaintiffs' claims, although centered around the arrest and detention of Plaintiffs in connection with the raid, are all expressly predicated on the absence of "lawful authority or jurisdiction" for the raid. Specifically, Count I of the Complaint states:

> 32. Defendants individually and in concert with the others acted under color of state law and in their official capacities, but said acts are illegal, and each defendant individually and in concert with the others acted deprived [sic] the plaintiffs of their constitutional rights.
>
> 33. The transportation, detention and prosecution of the plaintiffs without lawful authority or jurisdiction constituted a seizure within the meaning of the Fourth Amendment and deprived plaintiffs of their liberty. This seizure and deprivation of liberty were unreasonable in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

In this sense, the Complaint was conceived as a placeholder of sorts for claims sounding in false arrest, false imprisonment and malicious prosecution, which might possibly become viable if, or when, the Supreme Court reversed the Court of Appeals for

the First Circuit's en banc decision upholding this Court's determination that the Defendants did possess authority and jurisdiction "to issue and enforce a search warrant" on the Narragansett Indian Smoke Shop. Smokeshop I, 449 F.3d at 24. The First Circuit's decision in Smokeshop I leaves no doubt that the raid was carried out with lawful authority and jurisdiction. The relief sought by the Tribe failed to materialize when the Supreme Court denied certiorari.[1] 127 S.Ct. 673 (Nov. 27, 2006). Consequently, because the Defendants, without question or doubt, had the authority to effectuate the warrant, and because Plaintiffs' claims are all predicated on the assertion that the raid was unlawful, the Complaint is legally insufficient and on its face plainly fails to state a claim.[2] See Coyne v. City of Somerville, 972 F.2d 440, 443 (1st Cir. 1992).

At oral argument, Plaintiffs weakly suggested that the Complaint contained an excessive use of force claim based on a dog bite and/or a "chest bump"; however, even the most generous

---

[1] Because Count II seek injunctive relief pending the outcome of the Supreme Court petition, it is obviously moot and therefore must be dismissed.

[2] Defendants' main argument underlying their motion to dismiss was based on their belief that res judicata and/or collateral estoppel barred Plaintiffs' claims. While it is understandable why Defendants argued these doctrines, they really miss the main reason why Plaintiffs' Complaint fails, and so do not need to be addressed here.

reading of the Complaint reveals no such allegation.[3] In addition, although Plaintiffs have made passing reference in their memorandum to their desire to amend their pleading, no such motion has ever been filed. See Fed. R. Civ. P. 15; LR Cv 15.1 of the District of Rhode Island Local Rules. Moreover, expressing a vague intent to amend a complaint along with the wishful thinking that discovery may turn up some new facts is patently inadequate. It is hard to imagine why Plaintiffs would need discovery to turn up facts to support a new § 1983 excessive force claim in any case: they were there; they know what happened. There is nothing more to be learned. Plaintiffs apparently want this Court to ignore the rules of procedure regarding pleading causes of action with sufficient information so as to place the other side on notice of the claim; to hold open a "statute-saving" complaint that is devoid of actionable facts or legal authority, just in case they can think up some new theory to support a claim against these Defendants for the 2003 Smokeshop raid. But this is precisely why we have such rules and it is why we have statutes of limitations: to avoid this type of abuse. To do what Plaintiffs ask would unfairly leave a cloud hanging over the Defendants' heads regarding the

[3] It should be noted that one of the Plaintiffs, Adam Jennings, has made an excessive use of force claim in a separate proceeding. See Jennings v. Jones, 479 F.3d 110 (1st Cir. 2007).

2003 raid. This Court will not facilitate this misuse of the civil justice system. Defendants' motion to dismiss is GRANTED.

It is so ordered.

WESmm

William E. Smith
United States District Judge
Date: 4/17/07